UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY CARL SAHM, | No. 2:21-cv-1436-JAM-EFB P |
| Plaintiff, | |
| v. | ORDER |
| B. HAILE, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding without counsel in this action, which was removed from state court by defendant Haile. Following the dismissal of his original complaint on screening[1] (ECF Nos. 1 & 6), plaintiff has filed an amended complaint (ECF No. 8), which the court must now screen. As discussed below, plaintiff's amended complaint is dismissed with leave to amend for failure to state a claim.

Plaintiff alleges he suffers from the following medical conditions: curvature of the spine, arthritis of the spine, sciatica, bursitis of the legs, back, neck, hands, and feet, a broken leg, toenail issues, and an amputated toe. ECF No. 8 at 3. He alleges that Dr. Haile "has not provided

---

[1] Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

1

medical relief from the pain [he] constantly suffer[s] from." *Id.* He also alleges that Dr. Haile has not provided him with a wheelchair and lacks an appropriate bedside manner. *Id.* Further, plaintiff states that he objects to having a colonoscopy for fear of "cross-contamination with hepatitis C" and because it conflicts with his religious beliefs. *Id.* at 7. Relying upon these allegations, plaintiff asserts Eighth Amendment and state-law malpractice claims against Haile. As discussed below, these claims cannot survive screening.

To succeed on an Eighth Amendment claim predicated on allegedly deficient medical care, a plaintiff must establish that: (1) he had a serious medical need and (2) the defendant's response to that need was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Plaintiff has identified serious medical needs but has not alleged facts showing that Haile responded to any of those needs with deliberate indifference. In an amended complaint, plaintiff must allege specific facts showing that Haile denied plaintiff pain medication and/or a wheelchair knowing that it would expose plaintiff to a substantial risk of serious harm.

In California, "[t]he elements of a cause of action for medical malpractice are: (1) a duty to use such skill, prudence, and diligence as other members of the profession commonly possess and exercise; (2) a breach of the duty; (3) a proximate causal connection between the negligent conduct and the injury; and (4) resulting loss or damage." *Johnson v. Superior Court*, 143 Cal. App. 4th 297, 305 (2006). If plaintiff wishes to pursue this state tort cause of action, he must not only allege compliance with the California Torts Claims Act (the "Act")[2] in an amended complaint, but he must also plead facts demonstrating that Haile owed him a duty of care and breached that duty of care, causing him injury. The instant complaint fails to do so.

---

[2] The Act requires that a party seeking to recover money damages from a public entity or its employees submit a claim to the entity *before* filing suit in court, generally no later than six months after the cause of action accrues. Cal. Gov't Code §§ 905, 911.2, 945, 950.2 (emphasis added). When a plaintiff asserts a claim subject to the Act, he must affirmatively allege compliance with the claim presentation procedure, or circumstances excusing such compliance, in his complaint. *Shirk v. Vista Unified Sch. Dist.,* 42 Cal. 4th 201, 209 (2007).

Finally, the court cannot discern a basis for a claim based upon plaintiff's statement that he does not want a colonoscopy. If there is more to this issue, for example, that plaintiff was forced to undergo a colonoscopy against his will, he may so allege in an amended complaint.

For these reasons, plaintiff's amended complaint is dismissed with leave to amend. If plaintiff chooses to file an amended complaint it should observe the following:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). The complaint should also describe, in sufficient detail, how each defendant personally violated or participated in the violation of his rights. The court will not infer the existence of allegations that have not been explicitly set forth in the amended complaint.

The amended complaint must contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. See *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Finally, the court notes that any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims.

/////

     Accordingly, IT IS ORDERED that:

1. Plaintiff's amended complaint (ECF No. 8) is DISMISSED with leave to amend within 30 days from the date of service of this order; and

2. Failure to comply with this order may result in dismissal of this action for the reasons stated herein.

DATED: December 6, 2021.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE