UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY CARL SAHM,<br><br>         Plaintiff,<br><br>    v.<br><br>B. HAILE,<br><br>         Defendant. | No. 2:21-cv-1436-JAM-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

     Plaintiff is a state prisoner proceeding without counsel in this action, which was removed from state court by defendant Haile. Following the dismissal of his original and first amended complaints on screening (ECF Nos. 6 & 9), plaintiff has filed a second amended complaint (ECF No. 10), which the court must now screen.

     Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

/////

/////

1

In screening plaintiff's first amended complaint pursuant to § 1915A, the court informed plaintiff as follows:

> To succeed on an Eighth Amendment claim predicated on allegedly deficient medical care, a plaintiff must establish that: (1) he had a serious medical need and (2) the defendant's response to that need was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Plaintiff has identified serious medical needs but has not alleged facts showing that Haile responded to any of those needs with deliberate indifference. In an amended complaint, plaintiff must allege specific facts showing that Haile denied plaintiff pain medication and/or a wheelchair knowing that it would expose plaintiff to a substantial risk of serious harm.
>
> In California, "[t]he elements of a cause of action for medical malpractice are: (1) a duty to use such skill, prudence, and diligence as other members of the profession commonly possess and exercise; (2) a breach of the duty; (3) a proximate causal connection between the negligent conduct and the injury; and (4) resulting loss or damage." *Johnson v. Superior Court*, 143 Cal. App. 4th 297, 305 (2006). If plaintiff wishes to pursue this state tort cause of action, he must not only allege compliance with the California Torts Claims Act (the "Act")[1] in an amended complaint, but he must also plead facts demonstrating that Haile owed him a duty of care and breached that duty of care, causing him injury. The instant complaint fails to do so.

ECF No. 9 at 2. Plaintiff's second amended complaint (ECF No. 10) is not at all responsive to the court's prior screening order. It consists of incoherent and fragmented thoughts, phrases, and legal conclusions. *See, e.g., id.* at 3 ("Confidential; emancipation of elderly abuse, malpractice of medicine; from provider PCP therapist, phycitions[sic] Dr. Bethlehem Haile; She has me on weekly monitoring for hypertension observation."). The court has afforded plaintiff two chances to amend his complaint, yet he is unable to state a claim upon which relief could be granted. Consequently, it declines to offer a further opportunity to amend. *See Allen v. City of Beverly*

---

[1] The Act requires that a party seeking to recover money damages from a public entity or its employees submit a claim to the entity *before* filing suit in court, generally no later than six months after the cause of action accrues. Cal. Gov't Code §§ 905, 911.2, 945, 950.2 (emphasis added). When a plaintiff asserts a claim subject to the Act, he must affirmatively allege compliance with the claim presentation procedure, or circumstances excusing such compliance, in his complaint. *Shirk v. Vista Unified Sch. Dist.,* 42 Cal. 4th 201, 209 (2007).

1  *Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (futility of amendment and previous opportunities to
2  amend are factors to assess in weighing the propriety of granting leave to amend).
3        Accordingly, it is RECOMMENDED that plaintiff's second amended complaint (ECF No.
4  10) be DISMISSED without leave to amend for failure to state a cognizable claim and the Clerk
5  be directed to close the case.
6        These findings and recommendations are submitted to the United States District Judge
7  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
8  after being served with these findings and recommendations, any party may file written
9  objections with the court and serve a copy on all parties.  Such a document should be captioned
10 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
11 within the specified time may waive the right to appeal the District Court's order.  *Turner v.*
12 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
13 Dated:  January 24, 2022.

                              EDMUND F. BRENNAN
                              UNITED STATES MAGISTRATE JUDGE

3